# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

ALAN NORDIKE, )
               **Plaintiff,** )
v. ) Case No. 12-2868-JAR-DJW
VERIZON BUSINESS, INC., )
               **Defendant.** )

## MEMORANDUM AND ORDER

Plaintiff Alan Nordike brings this action against his employer, Defendant Verizon Business, Inc. ("Verizon"), for alleged retaliation in violation of Title VII of the Civil Rights Act of 1974[1] ("Title VII") and the Americans with Disabilities Act of 1990[2] ("ADA"). This matter is before the Court on Verizon's Motion for Summary Judgment (Doc. 37).

Plaintiff alleges that he was the victim of retaliation, as that term is defined under Title VII and the ADA, for participating in the investigation of a co-worker, by submitting his own Internal Complaint, and by filing his EEOC Charge. The Court notes that claims of retaliation under both Title VII and the ADA are analyzed using the same basic framework.[3] Title VII makes it unlawful to retaliate against an employee because the employee has opposed any practice made unlawful by Title VII, or because the employee has "participated . . . in an

---

[1] 42 U.S.C. § 2000e *et seq.*

[2] 42 U.S.C. § 12101 *et seq.*

[3] *Metzler v. Fed. Home Loan Bank of Topeka*, 464 F.3d 1164, 1171 (10th Cir. 2006).

investigation, proceeding or hearing."[4] In the absence of direct evidence of retaliation, the court assesses retaliation claims under the *McDonnell Douglas* burden-shifting framework.[5] Under *McDonnell Douglas*, plaintiff initially bears the burden of production to establish a prima facie case of discrimination.[6] The elements of a prima facie claim of retaliation under Title VII are: (1) the employee engaged in protected opposition to discrimination; (2) the employee suffered a materially adverse employment action during or after his protected opposition; and (3) a causal connection exists between the protected activity and the materially adverse action.[7] The Supreme Court has recently clarified that a Title VII plaintiff asserting a claim of retaliation must show that his protected activity was the but-for cause of the alleged adverse employment action.[8] If plaintiff establishes a prima facie case, the burden shifts to defendant to articulate a facially nonretaliatory reason for its actions.[9] If defendant articulates a legitimate nonretaliatory

---

[4]42 U.S.C. § 2000e-3(a).

[5]411 U.S. 792, 802–04 (1973). On June 24, 2013, the Supreme Court considered the causation standard that applies to Title VII retaliation claims, holding that "Title VII retaliation claims must be proved according to traditional principles of but-for causation, not the lessened causation test stated in § 2000e-2(m). This requires proof that the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer." *Univ. of Tex. S.W. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2533 (2013). But this decision does not alter the continued application of *McDonnell Douglas* to Title VII retaliation claims at the summary judgment stage. *See Jones v. Okla. City Pub. Schools*, 617 F.3d 1273, 1278–79 (10th Cir. 2010) (holding that *Nassar*'s predecessor *Gross* did not overrule application of the *McDonnell Douglas* burdenshifting framework to ADEA cases); *Moore-Stovall v. Shinseki*, 969 F. Supp. 2d 1309, 1321 n.15 (D. Kan. 2013) (explaining that *Nassar* does not alter the burdenshifting framework at the summary judgment stage of a retaliation claim, relying on *Jones*).

[6]*McDonnell Douglas*, 411 U.S. at 802.

[7]*Hinds v. Sprint/United Mgmt. Co.*, 523 F.3d 1187, 1201–02 (10th Cir. 2008); *McGowan v. City of Eufala*, 472 F.3d 736, 741 (10th Cir. 2006).

[8]*Nassar*, 133 S. Ct. at 2533. The parties do not dispute that the same "but for" causation standard applies to both Title VII claims and ADA retaliation claims. The Court agrees. The ADA uses similar "because" language, and the Tenth Circuit has consistently applied the Title VII framework to ADA retaliation claims. *See Metzler*, 464 F.3d at 1171; 42 U.S.C. § 12203(a) ("No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter. . . .")

[9]*Timmerman v. U.S. Bank, N.A.*, 483 F.3d 1106, 1113 (10th Cir. 2007).

reason, the burden shifts back to plaintiff to present evidence from which a jury might conclude that defendant's proffered reason is pretextual, that is, "unworthy of belief."[10] This framework requires Plaintiff to first establish a prima facie case of retaliation; if he does, the burden then shifts to Verizon to establish a legitimate, non-discriminatory reason for the alleged employment action; the burden then returns to Plaintiff to show Verizon's proffered reason is actually pretext for retaliation under either Title VII or the ADA.[11]

Verizon does not contest that Plaintiff engaged in protected activity on three occasions, and thus only the latter two elements are at issue. This Order addresses issues surrounding Plaintiff's claim that he suffered a materially adverse employment action.

Plaintiff claims that he was the "target of ongoing and continual retaliatory actions by his managers."[12] Verizon's motion, however, addresses twenty alleged discrete adverse employment actions, gleaned from discovery, without any discussion of a putative retaliatory hostile work environment claim.[13] In his response, Plaintiff criticizes Defendant's arguments as "piec[ing] and parcel[ing] out individual events, . . . and ignoring the retaliatory environment to which Nordike was subjected as a whole," and characterizes the retaliation by Defendant as "ongoing and unrelenting."[14] While the Court recognizes that a hostile work environment claim can be comprised of discrete acts that together comprise a single unlawful practice, Plaintiff

---

[10] *Beaird v. Seagate Tech., Inc.*, 145 F.3d 1159, 1165 (10th Cir. 1998) (quoting *Randle v. City of Aurora*, 69 F.3d 441, 451 (10th Cir. 1995)).

[11] *Debord v. Mercy Health Sys. of Kan., Inc.*, 860 F. Supp. 2d 1263, 1271–72 (D. Kan. 2012).

[12] Doc. 42 at 26-27.

[13] Doc. 38 at 30-39.

[14] Doc. 42 at 29.

appears to conflate the two theories.[15]

The Pretrial Order offers little guidance. Plaintiff sets forth the legal basis for his claims as:

> Plaintiff is entitled to recovery under Count I for retaliation based on his participation, testimony and assistance in an investigation under the ADA pursuant to complaints made to Defendant by a co-worker, Curt Melin, and for Plaintiff's own opposition to retaliation and his opposition to unlawful actions by Defendant which were directed at an individual covered under the ADA.
>
> Plaintiff is entitled to recovery under Count I for retaliation based on his participation, testimony and assistance in an investigation under the ADA pursuant to complaints made to Defendant by a co-worker, Curt Melin, and for Plaintiff's own opposition to retaliation and his opposition to unlawful actions by Defendant which were directed at an individual covered under the ADA.[16]

In the Factual Contentions section of the Pretrial Order, Plaintiff presents "some of" the actions over the span of three years that he claims subjected him to a continuing and pervasive "retaliatory environment."[17] Plaintiff's characterization of the retaliatory acts includes, "among other things," allegations that his supervisor "creat[ed] a daily hostile and difficult working environment for Plaintiff," as well as a non-exclusive list of retaliatory actions taken against him, specifically, "removing him from accounts he supported and failing to assign him to large accounts in his region, refusing to address abusive behavior taken towards him by other employees, removing him from the title of regional lead, excluding him from meetings and

---

[15] *See Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 753-54 (1998) (noting the distinction between concrete or tangible employment actions and hostile work environment claims; the essence of the latter is that a series of acts, which might not individually alter the terms or conditions of employment, has collectively altered such terms).

[16] Pretrial Order, Doc. 34 at 8.

[17] *Id.* at 4–5.

imposing unfair discipline on him."[18] Thus, Plaintiff appears to characterize his claim as one for retaliatory hostile work environment, as he does not identify a specific tangible action tied to any of the alleged protected activities, but instead lists several of many actions spanning the course of over three years to illustrate his "hostile and difficult working environment."[19] Indeed, Plaintiff contends that he continues to complain about his unfair treatment to this day.[20] Accordingly, the Court is inclined to follow Plaintiff's lead by analyzing his claim as one for retaliatory hostile work environment.

For purposes of a retaliation claim, an action is materially adverse if it "well might have dissuaded a reasonable worker from making or supporting a charge of discrimination."[21] Since this standard was articulated by the Supreme Court in *Burlington Northern & Santa Fe Railway v. White*, the question was raised whether plaintiffs attempting to show a retaliatory hostile work environment could survive summary judgment by meeting this standard instead of the traditional standard used to evaluate hostile work environment claims.[22] The Tenth Circuit has stated that to show a retaliatory hostile work environment, plaintiff must show that the incidents complained of must "render the workplace . . . permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment

---

[18]*Id.*

[19]*Id.*

[20]*Id.* at 5.

[21]*Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 67-68 (2006).

[22]*Jones v. Wichita St. Univ.*, 528 F. Supp.2d 1182, 1194, n.9 (D. Kan. 2007) (citing *Khan v. HIP Centralized Lab. Servs., Inc.*, No. CV-03-2144, 2007 WL 1011325, at *10 (E.D.N.Y. Mar. 30, 2007) (stating that lower standard for retaliatory hostile work environment claims may be appropriate)).

and create an abusive work environment."[23] After reviewing the record before it, the Court questions whether Plaintiff has demonstrated a genuine issue of material fact that would entitle him to proceed to trial under either standard.

Verizon does not advance this argument in its motion for summary judgment. Therefore, Plaintiff is entitled to "notice and a reasonable time to respond" before the Court may grant summary judgment on this basis with respect to his claims.[24] Accordingly, Plaintiff is directed to file a submission, no later than **twenty-one (21) days** from the entry of this Order, stating why summary judgment should not be granted to Verizon with respect to his claims on the grounds articulated above. Further, Plaintiff shall clarify whether he is also asserting claims of retaliation based on a number of discrete tangible adverse employment actions as enumerated in Verizon's motion for summary judgment. If so, the Court is not inclined to marshal evidence that relates to each item in his long list of retaliatory acts, or cull the specific tangible claims from the broader retaliatory hostile work environment claim. Plaintiff shall identify each discrete tangible employment action associated with the specific protected action that forms the basis of his claims of retaliation. Verizon shall have **twenty-one (21) days** from the date of Plaintiff's submission to file a response; there shall be no replies. In the interim, the case shall be removed from the August 11, 2014 trial calendar, pending review of the supplemental submissions.

---

[23]*Melin v. Verizon Bus., Inc.*, No. 12-CV-2426-EFM, 2014 WL 978813, at *8 (D. Kan. Mar. 12, 2014) (citing *McGowan v. City of Eufala*, 472 F.3d 736, 743 (10th Cir. 2006)); *Jones v. Wichita St. Univ.*, 528 F. Supp. 2d 1182, 1193-94 (D. Kan. 2007); *see Cajamarca v. Regal Entm't Grp.*, 863 F. Supp. 2d 237, 253-55 (E.D.N.Y. 2012) (collecting cases); *cf. Alvarado v. Donahoe*, 687 F.3d 453, 461 (1st Cir. 2012) (applying *Burlington Northern* standard); *Stewart v. Indep. Sch. Dist. No. 196*, 481 F.3d 1034, 1042 (8th Cir. 2007) (same); *Moore v. City of Philadelphia*, 461 F.3d 331, 341 (3d Cir. 2006) (same).

[24]Fed. R. Civ. P. 56(f)(2); *see also Coward v. Jabe*, 474 F. App'x 961, 963 (4th Cir. 2012) ("After giving notice and a reasonable time to respond, the district court may grant a motion for summary judgment on grounds not raised by a party. . . .").

**IT IS SO ORDERED.**

Dated: June 5, 2014

                                                  S/ Julie A. Robinson

                                                  JULIE A. ROBINSON

                                                  UNITED STATES DISTRICT JUDGE