**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **ALLAN NORDIKE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 12-2686-JAR |
| | ) |
| **VERIZON BUSINESS, INC.,** | ) |
| | ) |
| **Defendant.** | ) |

**MEMORANDUM AND ORDER**

Plaintiff Allan Nordike filed an action against his former employer, Defendant Verizon Business, Inc. ("Verizon"), for alleged retaliation in violation of Title VII of the Civil Rights Act of 1974, 42 U.S.C. § 2000e *et seq* ("Title VII"), and the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq*. ("ADA"). The Court granted summary judgment in favor of Verizon on all of Plaintiff's claims.[1] The parties later settled while an appeal to the Tenth Circuit Court of Appeals was pending.[2]

This matter is now before the Court on Plaintiff's *pro se* Motion (Doc. 75) requesting that his case be "blocked, sealed, or removed from being seen by anyone publicly or privately while searching on the World Wide Web search engines, like Google, Yahoo, Internet Explorer MSN, or any other browsers" when searching his name. Plaintiff asserts that potential employers do not ask him for a second job interview once the Human Resources department finds a record of this case on the internet. Because this case has been closed since September 2014, Plaintiff effectively requests this Court to reopen the case for purposes of sealing the entire proceeding.

---

[1]Doc. 62.

[2]Doc. 71.

Whether judicial records and other case-related information should be sealed or otherwise withheld from the public is a matter left to the discretion of the Court.[3] Courts have long recognized a common-law right of access to judicial records.[4] This right is not absolute, however, and the "presumption of access . . . can be rebutted if countervailing interests heavily outweigh the public interests in access."[5] "The party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption."[6] The Court finds that Plaintiff has failed to demonstrate a basis for sealing the case. Plaintiff broadly alleges that prospective employers do not extend him a second interview once they find out about his lawsuit against Verizon through a web search. Such a claim is speculative, however, and the Court will not seal the case on the basis of "unsupported hypothesis or conjecture."[7]

Moreover, Plaintiff's concerns do not overcome the presumption against sealing generally accessible documents. Here, although the exhibits to the various motions were permitted to be filed under seal, neither the Memorandum and Order granting Verizon summary judgment in September 2014, nor the motions or pleadings or the underlying case itself was

---

[3]*Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978).

[4]*Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007) (citing *Nixon*, 435 U.S. at 597).

[5]*Id.* (quoting *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988)).

[6]*Id.*

[7]*See Worford v. City of Topeka*, No. 03-2450-JWL-DJW, 2004 WL 316073, at *2 (D. Kan. Feb. 17, 2004) (finding the public's right of access is presumed paramount and that documents should be sealed "only on the basis of articulable facts known to the court, not on the basis of unsupported hypothesis or conjecture."); *see also Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994) (concluding vague and speculative allegations about a prospective employer finding out about his litigation through a web search are insufficient to demonstrate the requisite injury and otherwise fail to show that the balance of relevant interests weigh in favor of confidentiality); *Ghadersohi v. Health Research, Inc.*, No. 10-CV-144S, 2014 WL 1513916, at *1 (W.D.N.Y. Apr. 16, 2014) (holding that plaintiff's inability to obtain employment is an insufficient basis to seal the case and prevent further publication by FindACase.com among others).

sealed. In accordance with the United States District Court for the District of Kansas's Civil Administrative Procedures, subscribers to the Public Access to Court Electronic Records ("PACER") system can view the content of the orders made in cases. Subscribers can also publish orders in cases to the internet or elsewhere. Opinions are also available to the public on the United States District Court of Kansas website. Accordingly, unsealed documents and orders in Plaintiff's underlying proceedings were routinely published on the internet or elsewhere over the course of two years of litigation and beyond, and are the type of documents that give rise to a strong presumption against sealing the case at this time.

Accordingly, the Court denies Plaintiff's request to reopen and seal these proceedings. In so ruling, the Court notes a more practical reason for denying Plaintiff's request—this Court simply does not have the power nor the ability to retrospectively remove every possible reference to Plaintiff's case available on the internet or elsewhere. Even if the Court were to seal the underlying case, any publication on the internet spanning from 2012 to present would remain accessible.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff Allan Nordike's Motion to Seal Case (Doc. 75) is DENIED.

**IT IS SO ORDERED.**

Dated: March 22, 2017

 S/ Julie A. Robinson  
JULIE A. ROBINSON  
UNITED STATES DISTRICT JUDGE

3